**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 1:15-CV-21621-RNS**

JANET HILL,

Plaintiff,

vs.

BANK OF NEW YORK MELLON, F/K/A
BANK OF NEW YORK, AS TRUSTEE,
ET AL., AND BAYVIEW LOAN SERVICES,

Defendants.

---

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW**

Defendants The Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58 ("BONY"),[1] and Bayview Loan Servicing, LLC ("Bayview"),[2] (collectively, "Defendants"), by and through their undersigned counsel, move this Court to dismiss Plaintiff Janet Hills's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(3), 12(b)(6) and 8(a). In support, Defendants state as follows:

## INTRODUCTION

This is the ***eighth*** complaint filed by Plaintiff related to the consequences of her failure to pay her home loan. In all eight lawsuits, Plaintiff repeatedly, and unsuccessfully, presented

---

[1] Plaintiff names the "Bank of New York Mellon, f/k/a bank of New York, as Trustee, et al" as a defendant. Defendants, however, presume that Plaintiff is referring to BONY as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58.

[2] Plaintiff Names "Bayview Loan Servicing" as a defendant. Defendants presume that Plaintiff intended to name Bayview Loan Servicing, LLC as a defendant, and Bayview responds accordingly.

meritless claims regarding her Loan and the ability of BONY to foreclose on the property located at 543 Auburn Avenue, Atlanta, Georgia (the "Property"). Having already had her claims dismissed by the Eleventh Circuit Court of Appeals, the United States District Court for the Northern District of Georgia, the Georgia Court of Appeals, and the Superior Court of Fulton County, and after dismissing her own claims on at least three occasions, Plaintiff has filed yet another lawsuit regarding the validity of the Note and Mortgage.

This time, she has elected to file in Florida, in an apparent attempt to forum shop. However, as the seventh action is still pending before the Superior Court of Fulton County Georgia this Court should abstain from hearing this case pursuant to the *Younger* and *Colorado River* doctrines. Furthermore, even if the seventh action were not pending, in light of the prior dismissals, Plaintiff's Complaint in this matter should be dismissed with prejudice on the basis of *res judicata* and/or collateral estoppel. Finally, even if the seventh action were not pending and Plaintiff's claims were not barred by *res judicata* and/or collateral estoppel, Plaintiff's Complaint should still be dismissed as it utterly fails to meet the pleading requirements of Fed. R. Civ. P. 12(b)(6) and 8(a), and all of Plaintiff's purported claims fail as a matter of law. In sum, Plaintiff has improperly brought this Complaint, which has no merit, is predicated on fundamentally incorrect legal theories, and is wholly deficient, before this Court. Accordingly, the Complaint must be dismissed with prejudice.

## **FACTUAL BACKGROUND**

### I. PLAINTIFF'S HISTORY OF VEXATIOUS LITIGATION

On October 6, 2005, Plaintiff executed a Security Deed for a loan (the "Loan") in the amount of $464,000.00, secured by the Property, and in favor of Countrywide Home Loans Inc. ("CHL") d/b/a America's Wholesale Lender ("AWL"), with Mortgage Electronic Registration

Systems, Inc. ("MERS") acting as nominee for CHL. (D.E. 1 at 29.) MERS assigned all interest in the Security Deed to BONY on June 1, 2011. (D.E. 1 at 31.) Bank of America, N.A. ("BANA") was the prior servicer, and Bayview is the current servicer. Since July of 2011, Plaintiff has been litigating the same purported claims regarding this Loan against the same parties – the servicer (BANA, now Bayview), the original lender (CHL/AWL), MERS, and the investor (BONY).

**A. Hill #1 - *Janet Hill v. Bank of America, Inc.*:**

On July 29, 2011, Plaintiff filed her first complaint against BANA in the Superior Court of Fulton County, Georgia, Civil Action No. 2011CV203829, asserting purported claims for breach of contract and deceptive trade practices related to her Loan. A copy of this Complaint is attached as **Exhibit A**.[3] On September 7, 2011, this action was removed to the United States District Court for the District of Georgia, and assigned Case No. 1:11-cv-02991-JOF. On February 28, 2012, the Court adjudicated the case on its merits, granted Defendant's Motion to Dismiss, and dismissed the case with prejudice. *Janet Hill v. Bank of America, Inc.*, No. 1:11-cv-02991-JOF, slip op., Doc. No. 15, at 6, 8 (N.D. Ga. Feb. 28, 2012). A copy of this dismissal is attached as **Exhibit B**. On March 29, 2012, Plaintiff filed her notice of intent to appeal. *Id.* at Dec. 17. On March 12, 2013, the Eleventh Circuit affirmed the dismissal. *Janet Hill v. Bank of America, Inc.,* No. 12-11740, (11th Cir. Mar. 29, 2012). A copy of this opinion is attached as **Exhibit C**.

**B. Hill #2 - *Janet Hill v. The Bank of New York Mellon, et. al.*:**

On July 30, 2012, Plaintiff filed her second complaint in the Superior Court of Fulton County, Georgia, against BONY, BANA, and CHL, asserting purported claims for fraud, breach

[3] Courts may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. *Universal Express, Inc. v. U.S. S.E.C.,* 177 Fed.Appx 52, 53-54 (11th Cir. 2006)

of contract, to void, cancel or set aside trustee's sale/deed upon sale, wrongful foreclosure, breach of the implied covenant of good faith and fair dealing, unjust enrichment, violations of Georgia Fair Business Practices Act ("GFBPA"), quite title, and slander of title – again related to the same Loan. *Janet Hill v. The Bank of New York Mellon, et. al.,* Civil Action No. 2012CV218864. A copy of this second Complaint is attached as **Exhibit D**. On December 17, 2012, the defendants removed this matter to the United States District Court for the Northern District of Georgia. Plaintiff voluntarily dismissed this action on June 12, 2013. *Janet Hill v. The Bank of New York Mellon, et. al.,* No. 1:12-cv-04344-WSD, Doc. No. 9 (N.D. Ga. June 12, 2013). A copy of this voluntary dismissal is attached as **Exhibit E**.

**C. Hill #3 - *Janet Hill v. America's Wholesale Lender, et al.*:**

Plaintiff filed her third action on March 1, 2013 in the Superior Court of Fulton County, Georgia, against AWL, MERS, and BONY asserting purported claims for declaratory and injunctive relief. *Janet Hill v. America's Wholesale Lender, et al.,* Civil Action No. 2013CV28015. A copy of this complaint is attached as **Exhibit F**. This matter was removed to the United States District Court for the Northern District of Georgia, Case No. 1:13-cv-003159. On February 13, 2014, Plaintiff also voluntarily dismissed this matter without prejudice. *Janet Hill v. America's Wholesale Lender, et al.,* Civil Action No. 2013CV28015, Doc. No. 12 (N.D. Ga. Feb. 13, 2014). A copy of this dismissal is attached as **Exhibit G**.

**D. Hill #4 - *Janet Hill v. America's Wholesale Lender, et al.*:**

On February 24, 2014, Plaintiff filed her fourth action in the Superior Court of Fulton County Georgia against AWL, BONY, MERS, Bayview, and Shuping, Morse & Ross, LLP ("Shupin") (foreclosure counsel), asserting purported claims for wrongful foreclosure, breach of contract, breach of duty of good faith and fair dealing, invasion of privacy, trespass, violations of

Georgia RICO statute, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of fiduciary duty-principal/agent, breach of legal duty GA Code Ann. Statute § 51-1-6, interference with business or contractual relations, and libel. *Janet Hill v. America's Wholesale Lender, et al.,* Civil Action No. 2014-cv-242753. A copy of this complaint is attached as **Exhibit H**. On June 4, 2014, Defendants' motion to dismiss was granted. A copy of this dismissal is attached as **Exhibit I**. Plaintiff appealed to the Georgia Court of Appeals on May 5, 2014. On March 30, 2015, the Georgia Court of Appeals dismissed the appeal due to Plaintiff's failure to file a brief. *Janet Hill v. America's Wholesale Lender, et al.,* Case No. A15A1118. A copy of this dismissal is attached as **Exhibit J.**

**E. Hill #5 - *Janet Hill v. America's Wholesale Lender, et al.*:**

A month later, while the fourth action was still pending, Plaintiff filed her fifth action in the United States District Court of Georgia on March 27, 2014, against AWL, BONY, MERS, and Shuping, asserting purported claims for improper foreclosure, injunctive relief, and punitive damages. *Janet Hill v. America's Wholesale Lender, et al.,* Case No. 1:14-cv-0882. A copy of this Complaint is attached as **Exhibit K**. Approximately a month later, she again voluntarily dismissed the case without prejudice. *Janet Hill v. America's Wholesale Lender, et al.,* Case No. 1:14-cv-0882, Doc. No. 6 (N.D. Ga. Apr. 29, 2014). A copy of this dismissal is attached as **Exhibit L**.

**F. Hill #6 - *Janet Hill v. Bank of New York Mellon, et al.*:**

While the fourth action was still pending and a month after dismissing the fifth action, Plaintiff filed her sixth complaint in the United States District Court for the Northern District of Georgia on May 23, 2014, against BONY, several officers of BONY, AWL, MERS, an assistant secretary of MERS, Shuping, several individual attorneys from Shuping, Bayview, BANA,

Bankers Specialty Insurance Company, Bankers Life Insurance Company, the president of AWL, the Fulton County Clerk of Court, and the Georgia Secretary of State, asserting purported claims for quiet title, declaratory and injunctive relief. *Janet Hill v. Bank of New York Mellon, et al.,* Case No. 1:14-cv-01577. A copy of this sixth complaint is attached as **Exhibit M**. The court granted Defendants' motion to dismiss on August 6, 2014. *Janet Hill v. Bank of New York Mellon, et al.,* Case No. 1:14-cv-01577, Doc. No. 12 (N.D. Ga. Aug. 6, 2014). A copy of this dismissal is attached as **Exhibit N**. Plaintiff appealed to the Eleventh Circuit Court of Appeals on September 3, 2014. *Janet Hill v. Bank of New York Mellon, et al.,* Case No. 14-14055-FF. The Eleventh Circuit dismissed the appeal on October 29, 2014 due to Plaintiff's failure to correct deficiencies in her brief and failure to file an appendix. *Janet Hill v. Bank of New York Mellon, et al.,* Case No. 14-14055-FF (11th Cir. Oct. 29, 2014). A copy of this dismissal is attached as **Exhibit O.**

**G. Hill #7 - *Janet Hill v. Bayview Servicing* (the "Seventh Action"):**

About a month after the fourth action was dismissed by the Georgia Court of Appeals, on April 24, 2015, Plaintiff filed her seventh complaint in the Superior Court of Fulton County, Georgia, against Bayview, asserting claims for illegal conversion, attempted wrongful foreclosure (tort), attempted wrongful foreclosure (statutory compliance), unfair and/or deceptive business practices, unjust enrichment, and unconscionability. *Janet Hill v. Bayview Servicing,* Case No. 2015cv260050. A copy of this Complaint is attached as **Exhibit P**. ***This action is still pending.***

**H. Hill #8 - *Janet Hill v. Bank of New York Mellon f/k/a the Bank of New York as Trustee*, *et al.*:**

Plaintiff then filed the present action against BONY and Bayview, a mere five days after the Seventh Action, on April 29, 2015. Again, Plaintiff asserts claims for wrongful foreclosure,

breach of contract, violations of the GFBA, various Georgia statutes, and violations of the Fair Debt Collection Practices Act ("FDCPA"). (*See gen.* D.E. 1.)

## II. ALLEGATIONS IN THE COMPLAINT[4]

Plaintiff's Complaint is rambling, confusing, peppered with legal buzzwords, but very few actual factual allegations. From what Defendants are able to decipher, it appears that Plaintiff's main theory is that her Security Deed is void based on the final judgment ("Final Judgment") entered in *Bank of America, N.A., successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP v. Nash, et al,* in the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, Case No. 59-2011-CA-004389. (D.E. 1 at 3, 32-35.) As discussed more thoroughly below, Plaintiff, however, was not a party to this Final Judgment, and this Final Judgment does not relate to Plaintiff's Loan or the Property.

Plaintiff next claims that she sent numerous correspondences to Defendants and the Consumer Financial Protection Bureau ("CFPB") advising of this Final Judgment, which she claims Defendants did not respond to. (D.E. 1 at 8-9.) Instead, Plaintiff asserts that Defendants proceeded with a foreclosure on the Property. (D.E. 1 at 9-10.) Plaintiff, however, does not dispute that she defaulted on the Loan. Plaintiff also fails to allege whether the foreclosure has actually occurred, and whether she has made any effort to tender the amount due on the Loan.

Based on these extraordinarily vague and conclusory allegations, Plaintiff asserts the following purported causes of action: (i) violations of the FDCPA and GFBA; (ii) breach of contract and wrongful foreclosure; and (iii) violation of agency laws under Ga. Stat. §10-6-60. Plaintiff seeks the Property free and clear via a declaration that the Security Deed and Note are

[4] The allegations of Plaintiff's Complaint are taken as true for the purposes of this Motion to Dismiss only.

void as well as $260,000.00 in damages. (D.E. 1 at 74.)

## MEMORANDUM OF LAW

### I. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations and quotations omitted). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citations and quotations omitted). To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

### II. CHOICE OF LAW

According to the Choice of Law provision in the Security Deed, the Security Deed "shall be governed by federal law and the law of the jurisdiction in which the Property is located."[5] (*See* Exhibit Q, ¶ 16.) Plaintiff has not provided any reason or argument indicating that she did not freely agree with this provision or that Georgia law should not apply. Accordingly, as the Property is located in Georgia, the claims should be governed by Georgia law in accordance with

---

[5] The Complaint does not attached a full copy of the Security Deed. Accordingly, for the Court's reference, a copy of the Security Deed in full is attached herein as **Exhibit Q.**

the Security Deed. *See Dickinson v. Executive Business Group, Inc., v.* 983 F.Supp. 1395, 1396-1387 (M.D. Fla. Nov. 13, 1997) (dismissing a Texas state law claim, and applying Florida law pursuant to a choice of law provision in a franchise agreement stating that the agreement was governed by Florida law).

## III. THIS COURT SHOULD ABSTAIN FROM HEARING THIS MATTER IN LIGHT OF THE PENDING SEVENTH ACTION.

The Seventh Action currently pending in the Superior Court of Fulton County Georgia was filed prior to this action and is still pending. Accordingly, the Court should abstain from hearing Plaintiff's Complaint under either the *Younger* or *Colorado River* abstention doctrines. *See Younger v. Harris*, 401 U.S. 37, 27 (1971); *Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 820 (1976).

### A. The Court Should Abstain From Hearing Plaintiff's Complaint Under The *Younger* Doctrine.

Plaintiff is seeking the same relief in this action as in the pending seventh action – to prevent and challenge BONY's right to foreclose. (*See gen.* Exhibit P; D.E. 1.) Accordingly, a decision in this action could directly conflict with any decision in the Seventh Action causing significant uncertainty. Therefore, this Court should abstain from hearing this matter under the *Younger* doctrine. *Younger.* 401 U.S. at 53. Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Fieger v. Thomas,* 74, F.3d 740, 744 (6th Cir. 1996). All three requirements are met here.

First, Plaintiff's seventh action is still pending, and in the seventh action Plaintiff also asserts claims for wrongful foreclosure and unfair and/or deceptive business practices, in sum challenging BONY's right to foreclose. Therefore, a state action is currently pending involving

many of the same claims and the same parties before this Court. Second, courts have overwhelmingly held that states have an important interest in resolving issues related to real property located within their jurisdiction.[6] Third, the State Court has jurisdiction to hear the claims/defenses raised by Plaintiff, including the Plaintiff's allegations of wrongful foreclosure. Moreover, to the extent Plaintiff contends that federal statutes were violated, the State Court has jurisdiction to hear such claims. *See Beepot v. J.P. Morgan Chase Nat'l Corporate Servs.,* 2011 U.S. Dist. LEXIS 113124, at *1 (M.D. Fla. Sept. 30, 2011). As all the requirements are met, the Court should abstain under the *Younger* doctrine.

### B. The Court Should Likewise Abstain From Hearing Plaintiff's Complaint Under The *Colorado River* Doctrine.

Even assuming *arguendo* that Plaintiff is not asking this Court to interfere in the Seventh Action, the Court should nevertheless abstain from hearing this matter based on the existence of a parallel action pursuant to the *Colorado River* doctrine. The factors that a district court considers in determining whether to apply the *Colorado River* abstention doctrine include: (1) the order in which the courts assumed jurisdiction over the property; (2) the relative inconvenience of the forum; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal or state law predominates; and (6) whether the state court will adequately protect the rights of all parties. *Moses H. Cone Memorial Hospital v. Mercury Constr. Co.,* 460 U.S. 1, 16-26 (1983).

---

[6] *See e.g., Johnson v. Plymouth Park Tax Servs. LLC*, 2010 U.S. Dist. LEXIS 67844 (D. Del. July 8, 2010) (Younger doctrine applied because, "[a]s the state in which the subject property is situated, Ohio has an important interest in resolving real estate issues impacting the property, and a ruling in the Ohio courts implicates the important interest of preserving the authority of the state's judicial system."); *Prindable v. Ass'n of Apt. Owners of 2987 Kalakaua*, 304 F. Supp. 2d 1245, 1262 (D. Haw. 2003) (foreclosure and ejectment proceedings are important state interests under the Younger doctrine).

Here, the Seventh Action was filed in state court in Georgia before the present complaint was filed, the Property at issue is located in Georgia, the applicable law to be applied is Georgia law, there is the potential for piecemeal litigation in light of the same claims/issues in both cases, and a significant Georgia interest is at issue. In similar actions, federal courts applying these factors – including the Eleventh Circuit Court of Appeals and numerous district courts within the Eleventh Circuit – have routinely abstained in deference to parallel state court judicial foreclosure actions.[7] In each of these cases, as with the case at bar, the plaintiffs brought an action in federal district court asserting claims that had previously been brought – or could have been brought – as counterclaims (or even claims) in a previously filed state court action. And, in each of these cases, the federal district court, applying the *Colorado River* factors, stayed the federal action in deference to the state court action. Notably, every single Eleventh Circuit wrongful foreclosure case cited *supra* found the desire to avoid piecemeal litigation a compelling reason for invoking *Colorado River* under substantially identical circumstances. *See e.g. Carson,* 2011 U.S. Dist. LEXIS 65241, at *15-17 ("the risk of piecemeal litigation weigh[s] heavily against exercising jurisdiction"). As a majority of the above factors weigh heavily in favor of abstention, including the most important factor, the avoidance of piecemeal litigation,

[7] *See, e.g. CCB, LLC v. Banktrust*, 438 Fed. Appx. 833, 834-835 (11th Cir. 2011) (upholding trial court's abstention under *Colorado River* doctrine in favor of state court wrongful foreclosure action); *Carson v. Wells Fargo Bank, N.A.,* 2011 U.S. Dist. LEXIS 65241, at *15-17 (M.D. Fla. June 20, 2011) (staying federal action under Colorado River doctrine where plaintiff asserted similar claims in state court wrongful foreclosure case); *Beepot v. J.P. Morgan Chase Nat'l Corporate Servs.,* 2011 U.S. Dist. LEXIS 113124, at *1 (M.D. Fla. Sept. 30, 2011) (same); *Sergeon v. Home Loan Ctr.,* 2010 U.S. Dist. LEXIS 140571, at *14-15 (M.D. Fla. Oct. 26, 2010) (same); *Delta Dev. & Constr. Corp. v. Savings One Ass'n,* 637 F. Supp. 629 (S.D. Fla. 1986) (same); *Beepot v. J.P. Morgan Chase Nat'l Corp. Servs., Inc.,* 2011 U.S. Dist. LEXIS 113124, at *26 (M.D. Fla. Sept. 30, 2011) (same); *Williams v. Quantum Servicing Corp.,* 2013 U.S. Dist. LEXIS 9497, at *9-12 (N.D. Ill. Jan. 23, 2013) (same); *Blake v. Wells Fargo Bank, NA, 2013 U.S. Dist. LEXIS 4066,* at *9-11 (S.D. Ohio Jan. 10, 2013) (same); *St. Clair v. Wertzberger,* 637 F. Supp. 2d 251, 254-55 (D.N.J. 2009) (same); *Degner v. Mortgage Elecs. Registration Sys., Inc.,* 2:05-CV-01256-TJC (E.D. Wis. Jan. 23, 2006) (same).

the Court should dismiss Plaintiff's Complaint.

## IV. THIS MATTER IS BARRED BY THE DOCTRINES OF *RES JUDICATA* AND/OR COLLATERAL ESTOPPEL.

This action is Plaintiff's eighth in which she challenges BONY's standing to foreclose as well as the actions of Bayview related to the foreclosure. Plaintiff's theories have already been fully adjudicated and dismissed – repeatedly. Accordingly, even if this Court elects not to abstain, this matter is barred by *res* judicata and/or collateral estoppel.

Pursuant to the doctrine of *res judicata*, or claim preclusion, a party may not re-litigate a claim if another court already has rendered a judgment on the merits. It applies when (1) a court of competent jurisdiction (2) renders a final judgment on the merits (3) for the same parties and (4) for the same cause of action. *See Baloco v. Drummond Co.,* 767 F.3d 1229, 1246 (11th Cir. 2014). Moreover, if the claims in the new lawsuit could have been raised in the prior lawsuit, then *res judicata* applies as a bar. *In re Piper Aircraft Corp.,* 244 F.3d 1289, 1296 (11th Cir. 2001). Similarly, collateral estoppel "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979).

Here, all of the aforesaid elements are present. The Eleventh Circuit Court of Appeals, the United States District Court for the Northern District of Georgia, the Fulton County Superior Court of Georgia, and the Georgia Court of Appeals have already fully adjudicated Plaintiff's theories and dismissed her claims outright with prejudice - repeatedly. *See* Exhibits A-O. Plaintiff has also voluntarily dismissed her claims on at least three occasions, which is considered an adjudication on the merits. *See* Fed. R. Civ. P. 41. Plaintiff cannot complain that she did not have ample opportunity to litigate the issue of standing to foreclose or that it was not

actually litigated. She had ample opportunity to raise the issues asserted here, including any claims based on the September 2014 Final Judgment, in the prior actions – particularly the fourth action, wherein the Georgia Court of Appeals did not dismiss until March 30, 2015. Plaintiff has been thwarting the lawful foreclosure for almost four years; she should not be given yet another bite at the apple. Therefore, the Complaint should be dismissed with prejudice.

## V. PLAINTIFF FAILED TO MEET THE MOST BASIC PLEADING REQUIREMENTS OF FED. R. CIV. P. 8(A)

Even assuming this Court is inclined to consider this matter, the Complaint should nevertheless be dismissed because the Complaint is incomprehensible, insufficiently pled, and alleges nothing more than unsupported legal conclusions. Rule 8 requires that each complaint must provide "a short and plain statement of a claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint is a rambling mess that sets forth harebrained theories, and voluminous footnotes without numbered paragraphs. The Complaint also reincorporates all allegations in each successive count such that "each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). For the foregoing reasons, the Complaint's myriad pleading deficiencies alone warrant dismissal. *See Friedlander v. Nims,* 755 F.2d 810, 813-14 (11th Cir. 1985); *Karhu v. Vital Pharms., Inc.,* No. 13-60768-CIV, 2013 WL 4047016, at *3 (S.D. Fla. Aug. 9, 2013).

## VI. THE FINAL JUDGMENT IN THE *NASH* CASE IS IRRELEVANT TO THIS MATTER, AND ANY CLAIMS BASED ON THIS FINAL JUDGMENT SHOULD BE DISMISSED WITH PREJUDICE.

A primary foundation of Plaintiff's Complaint appears to be the Final Judgment issued in the *Nash* case. The Final Judgment held that the note and mortgage were void because: AWL

was not the named plaintiff, AWL did not assign the mortgage, AWL was not incorporated in New York as claimed in 2005, AWL was not a licensed lender in Florida, and AWL did not have authority to do business in Florida. (D.E. 1, at 33-34.) Plaintiff theorizes that because her Loan originated with AWL in 2005, this Final Judgment renders her Loan void as well. Plaintiff's theory, however, is based on a misunderstanding of basic law and has no merit whatsoever.

First, the Final Judgment at issue is not, in fact, final as it is currently the subject of an appeal. *See Bank of America, N.A., ETC. v. Nash, et al.,* Florida Fifth District Court of Appeal, Case No. 5D14-4511. Moreover, Plaintiff was not a party to the Final Judgment, nor was the Property or Loan the subject of the Final Judgment. The Final Judgment does not contain any findings/rulings regarding AWL's status in Georgia in 2005, or all loans originated by AWL in all states. The Final Judgment has absolutely no precedential value to the current case, and accordingly, cannot form the basis for any of Plaintiff's asserted claims. Furthermore, AWL was at the time of Plaintiff's Loan a fictitious name used by CHL.[8] *See* Exhibit R. The original lender of Plaintiff's Loan is CHL d/b/a AWL. *See* Exhibit Q. CHL is a New York corporation and was licensed to do business in the state of Florida in 2005. *See* Exhibit S. Plaintiff's Security Deed is not void in light of AWL being the original lender pursuant to the Final Judgment or any other theory. Accordingly, to the extent Plaintiff's claims are premised on the Final Judgment, her Complaint fails and must be dismissed with prejudice.

## VII. ALL OF PLAINTIFF'S PURPORTED CLAIMS FAIL AS A MATTER OF LAW.

### A. Plaintiff Fails to Allege Sufficient Facts to Support a Claim for Violations of the FDCPA.

Plaintiff theorizes that when Brock & Scott sent her correspondence on January 26, 2015,

---

[8] This Court may take judicial notice of the information on the Florida Secretary of State website. *See Travaglio v. American Exp. Co.,* No. 8:10-cv-1311-T-33AEP, 2013 WL 1465120, * 3 (M.D. Fla. Apr. 11, 2013)(taking judicial notice of the corporate entity information on the Florida Secretary of State website).

withdrawing the foreclosure notice, this letter magically reinstated her Loan. (D.E. 1 p. 14.) She then generalizes that Defendants' "joint actions were done in contravention to the FDCPA," and that Defendants made "false statements and misrepresentations of the nature of the debt, the amount of the date[sic] and the validity of the debt . . . ." (D.E. 1, at 14-15.) Plaintiff's theory and broad generalizations, however, are insufficient to establish a claim under the FDCPA.

In order to prevail on a claim under the FDCPA, a plaintiff must allege that: (1) he/she has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. *Buckley v. Bayrock Mortgage Corp,* 2010 U.S. Dist. LEXIS 10636, *21-22 (N.D. Ga. Jan. 12, 2010). Furthermore, 15 U.S.C. § 1692a(6) states that a creditor collecting its own debts is not a debt collector. *See* 15 U.S.C. § 1692a(6). Here, Plaintiff fails to allege the specific communication or action at issue, when it occurred, which defendant she believes actually attempted to collect a debt, or how that specific communication/action violated the FDCPA.

To the extent, Plaintiff is alleging that the act of Brock & Scott sending a notice of foreclosure or otherwise initiating foreclosure violated the FDCPA, such a claim fails. The Eleventh Circuit has held that "foreclosing on a security interest is not a debt collection activity for purposes of 15 U.S.C. 1 § 1692g." *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. App'x 458, 460 (11th Cir. 2009). Plaintiff failed to pay her mortgage, BONY is the holder of the Note and the Assignee of the Security Deed, and, due to Plaintiff's default, BONY has the right to foreclose. The initiation of foreclosure proceedings may be disappointing to Plaintiff, but it does not violate the FDCPA. For these reasons, Plaintiff's FDCPA claim should be dismissed with prejudice.

**B. The GFPB Does Not Apply to this Loan.**

Plaintiff lumps her FDCPA and GFPB claims together, and fails to articulate what actions of Defendants violated the GFBP. Regardless, the GFBP is inapplicable to residential mortgage transactions. O.C.G.A § 10-1-390 et seq.; *Zinn v. GMAC Mortg.,* 2006 U.S. Dist. LEXIS 8202 at *11 (N.D. Ga. Feb. 21, 2006). Rather, "[t]he General Assembly intended that the Georgia FBPA have a restricted application only to the unregulated consumer marketplace . . . ." *Chancellor v. Gateway Lincoln-Mercury, Inc.,* 233 Ga. App. 38, 45 (1998). Because residential mortgages are governed by the Truth-in-Lending Act and various regulatory agencies, residential mortgages do not fall under the GFPB. *Id.* As Plaintiff alleges that this loan involves her residence, this claim should be dismissed with prejudice.

**C. Plaintiff Fails to Allege Sufficient Facts to Support a Claim for Breach of Contract.**

In Plaintiff's breach of contract claim, she appears to attempt to apply Florida law regarding requirements for notices of intent to accelerate to a Georgia Notice of Foreclosure Sale Under Power. (Doc. No. 1., pp. 15-19.) Specifically, Plaintiff alleges that she did not receive the required "notices" under Paragraph 22 of the Security Deed, and that the "notices" sent by foreclosure counsel, Brock & Scott failed to meet the requirements of Paragraph 22. *Id.* Plaintiff also appears to assert that she was not given the opportunity to cure or assert defenses to the foreclosure. *Id.* She further contends that the foreclosure sale was not fair or in compliance with Ga. Stat. § 23-2-114. Plaintiff's claims, however, are jumbled and based on a misinterpretation of law and fact.

To establish a viable breach of contract claim under Georgia law, a plaintiff must establish: (1) her own performance under the contract; (2) that defendant breached the contract; and (3) that the breach caused the plaintiff harm. *Jones v. Central Builders Supply Co., Inc.*, 217

Ga. 190, 195-96, 121 S.E.2d 633, 638 (1961) (cit. omitted). Here, Plaintiff claims that she did not receive the proper notices under the Security Deed, and that the foreclosure sale was not fair. Plaintiff, however, fails to allege that a foreclosure has even occurred. Moreover, the Notice of Foreclosure Sale Under Power (D.E. 1, at 38-39) is not the same thing as a notice of intent to accelerate. Plaintiff fails to allege that the Notice of Foreclosure Sale Under Power failed to comply with Georgia law or how it failed to comply with Georgia law. She further fails to allege her own performance under the contract. In fact, she does not dispute that she defaulted. More importantly, Plaintiff fails to articulate how she has sustained any damages as a result of the notices from Brock & Scott or the lack of a notice of intent to accelerate. No foreclosure has occurred, and any foreclosure proceedings would be the result of Plaintiff's default – not any actions by Defendants. Moreover, to assert that she has not been able to bring defenses to the foreclosure is laughable given she has been litigating this matter over eight actions for almost four years. For these reasons, Plaintiff's breach of contract claim should be dismissed.

### D. Plaintiff Fails to Allege Sufficient Facts to Support a Claim for Wrongful Foreclosure.

Plaintiff's claim for wrongful foreclosure is based on the same allegations as her claim for breach of contract, and accordingly, fails for the same reasons. As an introductory matter, Plaintiff fails to allege a foreclosure occurred, and thus, she cannot sustain a claim for wrongful foreclosure.[9] Additionally, Plaintiff's wrongful foreclosure claims fails because she has not

[9] To the extent Plaintiff is asserting an attempted wrongful foreclosure claim, such claim fails as well. Under Georgia law, a wrongful attempted foreclosure claim requires that Plaintiff demonstrate: (1) a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and (2) that damages were sustained as a direct result of this publication. *Aetna Finance Co. v. Culpepper,* 171 Ga. App. 315, 319, 320 S.E.2d 228, 232 (1984). Here, Plaintiff does not allege any of the elements of a wrongful attempted foreclosure claim, and Plaintiff does not allege any action by Defendants that could sustain a claim for wrongful attempted foreclosure. Plaintiff does not allege and cannot show that Defendants published any untrue or derogatory information concerning Plaintiff's financial

tendered the amount owing on the loan and she cannot establish the elements of a wrongful foreclosure claim. Accordingly, this claim should be dismissed with prejudice.

First, Plaintiff failed to tender the amount owing on the Loan. "[T]o seek any relief regarding a pending or past foreclosure sale, plaintiff must tender the amount owed under the loan." *Watkins v. Beneficial, HSBC Mortg.,* No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *5 n.10 (N.D. Ga. Sept. 2, 2010) (emphasis added) (citing *Taylor v. Wachovia Mortg. Corp.,* No. 1:07-CV-2671-TWT, 2009 WL 249353, at *5 n.6 (N.D. Ga. Jan. 30, 2009), adopted at *1). Here, Plaintiff does not dispute that she signed the Security Deed or that she defaulted. She also does not allege that she tendered or is able to tender. Therefore, Plaintiff's claim challenging the foreclosure should be dismissed with prejudice.

Second, Plaintiff cannot establish any of the elements of a wrongful foreclosure claim. In Georgia, "a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." *Gregorakos v. Wells Fargo Nat'l Ass'n,* 285 Ga. App. 744, 747-48, 647 S.E.2d 289, 292 (2007) (citations and quotations omitted). Some "violation of the statute is necessary to constitute a wrongful foreclosure." *McCarter v. Bankers Trust Co.,* 247 Ga. App. 129, 132, 543 S.E.2d 755, 758 (2000).

Here, Plaintiff cannot establish any breach of a duty owed because BONY had standing to foreclose as the assignee of the Security Deed. *See You v. JP Morgan Chase Bank,* 93 Ga. 67, 743 S.E.2d 428 (2013); *Larose v. Bank of Am., NA,* 321 Ga. App. 465, 740 S.E.2d 882 (2013) (confronting allegations that the foreclosing entity must produce the promissory note prior to foreclosure and stating that nothing in Georgia law requires an assignee of security deed to also

---

condition. In fact, Plaintiff would not be able to sustain any such allegations because she does not deny that she failed to make proper payments pursuant to the Loan and was thus in default.

hold the promissory note in order to foreclose). There have been no subsequent assignments of the Security Deed. Accordingly, BONY has authority to foreclose under Georgia law and any wrongful foreclosure claim is erroneous. Moreover, even if Defendants breached a statutory duty owed to Plaintiff, which they did not, Plaintiff has failed to demonstrate a causal connection between any alleged wrongful acts and damages sustained by Plaintiff. Under Georgia law, failure to make the proper loan payments defeats any wrongful foreclosure claim because any damages a plaintiff sustained are due to her default, not the actions of the defendant. *See Freeman v. Wells Fargo Bank, N.A.,* 2013 WL 2637121, at *3 (N.D. Ga. June 11, 2013); *Heritage Creek Dev. Corp. v. Colonial Bank,* 268 Ga. App. 369, 372, 601 S.E.2d 842, 845 (2004) ("Heritage Creek's alleged injury was solely attributable to its own acts or omission both before and after the foreclosure" because it defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale.); *Warque v. Taylor, Bean & Whitaker Mortgage Corp.,* 2010 U.S. Dist. LEXIS 142129, at *14-15 (N.D. Ga. July 30, 2010) ("the foreclosure was caused by plaintiff's failure to make payments on the loan."). Here, Plaintiff does not allege that she made all required monthly payments under the mortgage contract. Accordingly, the initiation of foreclosure was due to Plaintiff's failure to make the required mortgage payments and not Defendants' acts. Therefore, Plaintiff's purported claim for wrongful foreclosure fails as a matter of law and must be dismissed with prejudice.

### E. Plaintiff Fails to Allege Sufficient Facts to Show that Defendants Violated Ga. Stat. §§ 10-6-60 or 10-6-85.

It is unclear what exactly Plaintiff is arguing under this purported cause of action. She states that "BONY is liable for its agents under OCGA § 10-6-60 and that Bayview is liable for its own torts under OCGA §10-6-85." (Doc. No. 1, p. 18.) She then repeats the same baseless allegations she has asserted throughout her Complaint. (Doc. No. 1, pp. 18-20.) Plaintiff,

however, fails to articulate how these statutes apply to this case, or how exactly Defendants violated said statutes.

Ga. Stat. § 10-6-60 provides that "[t]he principal shall be bound for the care, diligence, and fidelity of his agent in his business, and hence he shall be bound for the neglect and fraud of his agent in the transaction of such business. GA. Stat. § 10-6-85 provides that:

> All agents, by an express undertaking to that effect, may render themselves individually liable. Every agent exceeding the scope of his authority shall be individually liable to the person with whom he deals; so, also, for his own tortious act, whether acting by command of his principal or not, he shall be responsible; for the negligence of his underservant, employed by him in behalf of his principal, he shall not be responsible.

Although unclear, it appears Plaintiff is attempting to hold BONY and Bayview liable for the actions of each other, and in turn, liable for all of the claims asserted in the Complaint – namely the attempts to foreclose. As argued throughout this Motion, however, all of Plaintiff's claims fail. Moreover, Plaintiff fails to allege any specific fraud, negligence, or tort claims – or even any allegations establishing an agency relationship between BANA and BONY. Accordingly, the Complaint should be dismissed.[10]

## CONCLUSION

WHEREFORE, for the above and foregoing reasons, Defendants request that this Court grant their Motion to Dismiss and any such other and further relief as the Court deems proper.

---

[10] In the last two sections of her Complaint, titled "Claims for Damages & Determination" and "Relief Sought," Plaintiff references Counts 1-16. (Doc. No. 1, pp. 20-25). Defendants are not clear what counts she is referring. These sections appear to just be a list of damages she is seeking for the same allegations asserted throughout. Accordingly, Defendants have not responded to these sections of the Complaint in this Motion. However, to the extent these sections are additional claims, Defendants assert they should be dismissed with prejudice for the reasons set forth in this Motion.

*/s/ Sara F. Holladay-Tobias*
Sara F. Holladay-Tobias (FL Bar No. 0026225)
sfhollad@mcguirewoods.com
Emily Y. Rottmann (FL Bar No. 93154)
erottmann@mcguirewoods.com
McGUIREWOODS LLP
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3200 / (904) 798-3207 (fax)

*Attorneys and Trial Counsel for Defendants The Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58, and Bayview Loan Servicing, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served U.S. Mail on June 5, 2015 to the following:

Janet Hill
543 Auburn Avenue N.E.
Atlanta, GA 30312
*Pro Se Plaintiff*

*/s/ Sara F. Holladay-Tobias*
Attorney

67702255_1